The opinion of the court was delivered by
Watkins, J.
This is a revocatory action, coupled with an action of nullity — an action sui generis possessing features common to both
*1224 Or, in other words, as an individual shareholder in.the defendant company — and of which corporation he was a director and secretary— Edward Wisner institutes this suit for the revocation and annulment of a certain sale, in globo, of all the property of the corporation to another stockholder and director of the company on the ground, first, that the sale was not properly authorized by the stockholders at a general meeting; second, that there was no necessity for the sale; and, third, that the sale was fraudulent, not being competitive and open, or for adequate consideration.
Preliminarily the defendant, Frederick Rohnert, tendered several-peremptory exceptions, viz.:
1. That the plaintiff failed to tender to the respondent the amount expended by him as the price of the property in controversy, and which has enured to the benefit of the Delhi Land and Improvement Company.
2. That he is estopped from contesting the legality of the directors’ meeting held on the 3d of April, 1893, and its action in ratification of the sale to the respondent, because the action of the board of directors was ratified and confirmed at a stockholders’ meeting held on the 4th of April, 1893, at which plaintiff was present, and in which he participated without protest or objection, and voted on the proposition to ratify the same.
3. That he is estopped from questioning the legality of the stock, owned and voted by Hibbard Baker and Morse Rohnert at the stockholders’ meeting aforesaid, on the ground that, as secretary of the corporation, he signed and issued same, and can not be permitted to question or impeach the validity of his own official action.
Reserving the benefit of his exceptions, the defendant plead a general denial, and averred that he became the purchaser of the land in controversy in due course of business, without fraud and for a fair consideration. He prays that plaintiff’s demands be rejected.
The land company urge the same exceptions, and the additional one that the land was sold for the purpose of providing means for the payment of pressing debts of the company and to protect the titles to other lands that the company had previously sold to other persons, the title to which had not been perfected; that the proceeds of sale had been used for that purpose, to the knowledge of the plaintiff; and he has not tendered the amounts so paid, either to the purchaser or to the company, which tender is a prerequisite to. any action to annul the said sale.
*1225 Reserving the benefit of said exceptions the company made answer and alleged that the sale was legal and fair in every particular; that the board of directors had ample authority under the company’s charter to sell, and its action was ratified by all the stockholders, except the plaintiff — a majority thereof favoring and approving the action of the board of directors in making said sale; and that said ratification cured the defects, if any, in said sale, and supplemented the authority of the board of directors, if same was, in any respect, deficient.
Recurring to the averments of the petition, we find plaintiff’» statement of his case to be “that he, together with Hibbard Baker,. Morse Rohnert, Fred. Rohnert and William E. Robinson, of Detroit,. Michigan, and D. G. Edwards and one Miller, of Cincinnati, Ohio,, are, so far as petitioner is informed, the stockholders of the Delhi Land and Improvement Company, Limited, a corporation duly organized under the laws of the State of Louisiana, having its domicile at the town of Delhi, in the parish of Richland, with the said Hibbard Baker as its president and said Morse Rohnert as its secretary. He further represents that the objects and purposes of said corporation are to purchase, plat, sell and improve real estate, as is shown by its charter.
“ He further represents that the said Baker, president, and said Morse Rohnert, secretary, did, on or about the 2'7th of January, 1893, without any authority from either the1 board of directors or stockholders of the corporation, by notarial act, pretendedly sell and transfer all of the real estate belonging to said corporation, improved and unimproved, to Frederick Rohnert, one of the stockholders of the corporation.”
The sale thus described is the one against which this suit is directed, and of it the following complaints are made, viz.:
“ First. That whereas the sale was made for the ostensible consideration of sixteen thousand dollars, in fact the lands pretended to-have been conveyed were worth more than that amount.
Second. That Baker, Robinson and Morse Rohnert, on or about the-3d of April, 1893, acting as a board of directors, pretended to hold a directors’ meeting without giving due notice to all the directors as the charter requires, and thereat did pretend to ratify the sale that had been previously made by the president and secretary.
Third. That on or about the 4th of April, 1893, the president pre *1226 tended to call an annual meeting of the stockholders, without giving to petitioner or any other stockholder any notice of said meeting; and that said meeting, not constituting a majority of stockholders in number, elected a board of directors for the year ensuing, ‘ ‘ and by a majority vote of those present confirmed the act of the board of directors at its last meeting, in which said board had authorized the president and secretary to make another deed to the land sold.”
Of the proceedings related complaint is made that on account of certain informalities and illegalities therein ‘ ‘ the sale is fraudulent, null and void, for the following reasons, viz. :
1. That the sale of all the property of the corporation is a practical dissolution thereof, in a manner different from that provided in its charter.
2. That the pretended meeting of the board of directors was illegal because proper notices thereof had not been given — three of the stockholders not being notified, and being, consequently, absent therefrom.
3. That the voting of the stockholders at the meeting was not by a majority of the stockholders in number; and that, while a majority of those voting held, or pretended to hold, a majority of the stock, there was no evidence at the meeting that the members voting were actual stockholders. That Baker was not, at the time, the holder of four hundred shares of stock of said corporation; and, if he was the owner of same, they are illegal, null and void, for the reason that he caused same to be issued to himself without any equivalent — neither money, property or labor having been paid therefor. That the stock voted by Morse Rohnert and William E. Robinson, at the stockholders’ meeting, was illegal and void for the same reason.
4. That the Constitution and laws of this State prohibit the issuing of any stock by any corporation until same shall have been paid for.
5. That the sale is fraudulent, for the reason that Baker, Rohnert and Robinson conspired together to deprive your petitioner of his rights in said corporation, and if it is not revoked it will result greatly to his injury. And that the ratification of said sale is fraud - ulent for the further reason that Robinson was induced to vote at the stockholders’ meeting in favor of the ratification of the sale, on the assurance of Morse Rohnert, Frederick Rohnert and Baker that he should still retain an interest in the lands pretended to be sold.
Thereupon an injunction was prayed for and obtained against the *1227 parties and the recorder, prohibiting them from putting deeds to the property of record until further order of the court — the prayer of the petition being that the sale be annulled and revoked and the injunction perpetuated.
Upon the introduction of proof and trial had, there was judgment rejecting plaintiff’s demands and affirming the legality of the sale, and dissolving the injunction. From that judgment the plaintiff has prosecuted a devolutive appeal.
From the foregoing synopsis of the pleadings it appears that the only complaint of the sale, in itself, is that the consideration was inadequate, and, as to the general effect of the sale, that it operated, practically, a dissolution of the corporation in a mode different from that provided in the charter.
All other charges and specifications relate to certain irregularities in the proceedings had by the board of directors and the stockholders at a general meeting, the purport and object of which were to ratify and confirm a sale of the property that was previously made to the defendant, Rohnert.
We gather Jrom the admissions of fact contained in the petition that Baker, pr.sident, and Morse Rohnert, secretary, made a sale on the 27th of January, 1893, to Frederick Rohnert of all the real estate that the land company owned at the time for the expressed consideration of sixteen thousand dollars in cash — the expressed object of the sale being to raise the means necessary to pay immediately pressing debts of the corporation. That subsequently recognizing the fact to be that they, as president and secretary of the corporation, could not make a legal and valid sale of property of the corporation, without first being authorized by the corporation, the president called a meeting of the board of directors, and at the meeting thus called the previous sale was ratified. That immediately afterward the president called a general meeting of the stockholders and thereat a new board of directors was chosen, and by a majority vote at this stockholders’ meeting the action of the former board of directors was ratified.
The only complaint that is made of this meeting of the board of directors is that all of the directors were not notified of the meeting; but it is not alleged that all the directors were not present at the meeting — participating therein. ■
And the only objection that is urged against the stockholders’ *1228 meeting is that not one of the stockholders was notified; but as it appears that the plaintiff as a stockholder was present and voted, and now urges as an illegality in the proceedings that a majority in number of the stockholders did not vote for the ratification of the sale, we must conclude that a majority of the stockholders was present and voting — the plaintiff being present and casting the only negative vote, and the majority of those present voting in the affirmative.
As a majority of the stockholders were present and participating, and those holding a majority of the. certificates or shares of stock voted in favor of the ratification of the act of the board of directors in making the sale, it is difficult to perceive the basis of the plaintiff’s objection — he having been present and participated in the meeting without protest or complaint of the time or manner of its organization, or as to the right of the holders of majority of the stock to control the election. The same is true of his complaint that there was no proof exhibited at the stockholders’ meeting that the members voting actually held a maj ority of stock. There was scarcely a neces - sity for the exhibition of such proof at the meeting in the absence of any question or complaint on that score.
The further charge is made that Baker was not the real and actual owner of four hundred shares of stocky and if he was same were issued at his instance and request, and without any price or value having been paid therefor. And it is alleged that the same is true of the stock certificates that were issued to Morse Rohnert and William E. Robinson.
But in the defendant’s exception the point is made that the plaintiff is estopped from questioning the legality of the stock which was owned and voted by said stockholders, on the ground that, as secretary of the corporation, he signed and issued same, and can not be permitted to question or impeach the validity of his own official action.
There is in the record — brought up in the original — a certificate which states “that Morse Rohnert is the holder and owner of one hundred and sixty-seven paid-itp shares in the capital stock of the Delhi Land and Improvement Company, Limited.” And this certificate bears this jurat, viz.:
“In testimony whereof the president and secretary have signed their names and caused the seal of the company to be affixed *1229 thereto, on this the 4th of February, 1892, at Delhi, Richland parish, State of Louisiana.
(Signed) “ Hibbard Baker, President.
“Edward Wisner, Secretary.”
On the same date two similar certificates were issued to Hibbard, representing four hundred paid-up shares of stock; and to Edward Wisner, the plaintiff, one hundred and sixty-six shares — all likewise signed. It thus appears that Baker and Morse Rohnert collectively owned and held possession of five hundred and sixty-seven paid-up shares of the company’s stock, to the verity and genuineness of which he had certified as the secretary of the association. Not only is that the ease, but these certificates were issued more than a year previous to the date of the transactions complained of, and the same were used, recognized and voted by Baker and Morse Rohnert at the stockholders’ meeting — Wisner being present, participating and making no objection to their legality or genuineness, at a time when it was his duty to speak, if his charge is true.
This is not the case of an objection urged to the testimony of a witness on the ground that he cannot be heard to impeach the truthfulness of a certificate he had previously made as an officer. The plaintiff brings this suit for the annulment of a sale made by the corporation of which he is a stockholder and was secretary, on the ground that the sale was illegal, because the vote of the stockholders at the meeting at which same was ratified was illegal, for the reason that the stock voted thereat had been fraudulently issued and without any equivalent value having been paid therefor. How can he be heard to prove that state of facts, if true, to enable him to impeach and annul the sale for his own benefit and advantage? There may be circumstances under which such proof could be administered, but they certainly do not exist in this case. It is our deliberate conclusion that the estoppel urged, is good and must be maintained, and the proof excluded from consideration.
In regard to the charge of conspiracy on the part of Baker Rohnert and Robinson to fraudulently deprive petitioner of his rights in said corporation, there is no adequate proof in the record, nor of the charge that Robinson was induced to vote for the ratification of the sale, because it was agreed that he was to have an interest in the property.
*1230 It is incontestible and undenied that the corporation owed debts which were large in amount and pressing in character, and that the only means the corporation had of raising the necessary funds was the sale of its property. It is quite true that a sale had to be made of all the property of the corporation; but that fact is of no especial' significance when we consider that the very objects and purposes of the association were “ to purchase, plat, improve and sell real estate.” Oonsequently the dissolution of the corporation did not necessarily result from the sale of all the property the company chanced to own at the time. The proof is clear that the company had purchased and sold other properties; and that it was at the time of the sale in question negotiating for more. There is no proof of the sale having been made for an inadequate price. The price of sixteen thousand dollars seems to have been reasonable and fair when everything is considered. The result of the enterprise may have proven unsatisfactory and unprofitable. This transaction may have resulted injuriously to the plaintiff. But he will be compelled to submit to the common misfortune of those who embark in such adventures, of being overpowered by the majority of stock in a corporation of which he is a minority shareholder.
Viewing the question of want of previous tender from our present standpoint, it is unimportant. Though in such a case as this we are of opinion that the rights of the defendants could have been protected by a reserve in the judgment had one been rendered in favor of the plaintiff and appellant.
Judgment affirmed.